IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC X. RAMBERT,<br><br>                *Plaintiff,*<br><br>    v.<br><br>TRACY SHAWLEY, *et al*,<br><br>                *Defendants.* | Civil Action No. 2:21-cv-424<br><br>Hon. William S. Stickman IV<br>Hon. Lisa Pupo Lenihan |

## MEMORANDUM ORDER OF COURT

*Pro se* Plaintiff Eric X. Rambert, an inmate currently incarcerated within the Pennsylvania Department of Corrections at State Correctional Institution Greene ("SCI Greene") who is a frequent litigator of civil rights lawsuits, commenced this lawsuit on January 26, 2021, by serving a Motion for Leave to Proceed *in forma pauperis* with the Court of Common Pleas of Greene County, Pennsylvania. (ECF No. 1-3). The motion was granted on March 11, 2021, and it was directed that Plaintiff's Complaint be filed that day. (ECF No. 1-3). Thereafter, on April 1, 2021, Defendant Mark Hammer (a physician's assistant at SCI Greene) ("Hammer") removed the action to this Court, as Plaintiff's Complaint made claims pursuant to 42 U.S.C. § 1983. (ECF No. 1). Following removal, Plaintiff filed an Amended Complaint alleging that Defendants Hammer, William Nicholson (a healthcare administrator at SCI Greene) ("Nicholson"), and Tracey Shawley (a grievance coordinator at SCI Greene) ("Shawley") were deliberately indifferent to his medical needs, Defendant Shawley denied his grievances for retaliatory reasons, and that all Defendants conspired against him to prevent him from receiving medical care. (ECF No. 18, ¶¶ 2-4, 21-22).

1

Defendants Shawley and Nicholson filed a Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim or in the Alternative Motion for Summary Judgment. (ECF No. 21). Defendant Hammer also filed a Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative Motion for Summary Judgment. (ECF No. 23). Magistrate Judge Lisa Pupo Lenihan notified all parties that Defendants' motions would be treated as motions for summary judgment with respect to the issue of Plaintiff's exhaustion of administrative remedies. (ECF No. 25). She further ordered that "Defendants shall provide Plaintiff with all grievances and appeals or other similar documents in its possession concerning the alleged incident or incidents at issue in the Amended Complaint if said documents exist and have not already been provided to Plaintiff." (ECF No. 25). Plaintiff was provided more than adequate time to respond to the arguments made in Defendants' summary judgment motions, and, after the conclusion of briefing, Magistrate Judge Lenihan issued a Report and Recommendation. (ECF No. 38). She recommended that both motions be granted because of Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) ("the PLRA"), which states that "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted.").[1] (ECF No. 38).

---

[1] "[P]roper exhaustion of administrative remedies is necessary" to fulfill the PLRA's exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules"—"rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks omitted). The United States Court of Appeals for the Third Circuit has held that "complet[ing] the administrative review process ... means substantial compliance with the prison's grievance procedures." *Small v. Camden County*, 728 F.3d 265, 272 (3d Cir. 2013) (internal quotation marks omitted).

Plaintiff was afforded the opportunity to file Objections, and he did so. (ECF No. 39). To the best of the Court's understanding, Plaintiff contends that he did not appeal the rejected grievance because it "misrepresented the rationale and because the Plaintiff was left to speculate that there was no appealable grounds available to him because the enumerating reasons for specificity was not presented." (ECF No. 39, p. 3). Essentially, he takes issue with how Defendant Shawley handled Grievance No. 909519, and is seemingly asserting that her response to his grievance thwarted his efforts to utilize the grievance process. Yet, he also goes on to argue that he is under "imminent danger," and he "should not be made to argue exhaustion in the district court." (ECF No. 39, p. 6).

The Court has conducted its *de novo* review of the entire case, including Plaintiff's Objections which contain arguments that he previously asserted in his various pleadings opposing Defendants' motions. The Court concurs with the recommendation of the Magistrate Judge. Defendants unquestionably established that Plaintiff failed to exhaust his administrative remedies. As such, the onus fell to him to show the one exception to the mandatory exhaustion requirement: that administrative remedies were unavailable. *Ross v. Blake*, 578 U.S. 632, 642 (2016) ("An inmate ... must exhaust available remedies, but need not exhaust unavailable ones."). The Supreme Court has identified "three kinds of circumstances in which an administrative remedy, although officially on the books," is not "available" because it is "not capable of use to obtain relief." They are (1) when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use," such as when no ordinary prisoner can discern or navigate it; or (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or

intimidation." *Id.* at 642.  Our Third Circuit Court of Appeals clarified that, "[t]o defeat a failure-to-exhaust defense, an inmate must show (1) that the threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate." *Rinaldi v. United States*, 904 F.3d 257, 269 (3d Cir. 2018).

It is undisputed that Defendant Shawley rejected Grievance No. 909519 on January 25, 2021, on an official Rejection Form.  (ECF No. 21-3 at 2).  Plaintiff did not attempt to resubmit the grievance as provided in § 1, ¶ 20 of DC-ADM 804.  Plaintiff did not appeal the rejected grievance to the Facility Manager as provided in § 1, ¶ 21 of DC-ADM 804.  Instead, he filed a Complaint and Motion for *in forma pauperis status* with the Court of Common Pleas of Greene County on January 26, 2021.  (ECF No. 1-3).  Plaintiff does not dispute that he failed to exhaust his administrative remedies, rather he continues to place responsibility for his failure to exhaust at the hands of prison officials.

The Court would specifically note that it agrees with and independently reached the same conclusion as set forth by Magistrate Judge Lenihan:

> [Plaintiff] asserts baldly that grievance procedures were unavailable to him, but he fails to describe any circumstances demonstrating this unavailability, and the record does not support such a proposition.  He offers nothing as to why he failed to re-submit the rejected grievance or why he chose not to take an appeal to the Facility Manager.  Therefore, Plaintiff failed to carry his burden to show that administrative procedures were unavailable to him.

(ECF No. 38, p. 10).  The Court's review of the record reveals that nothing indicates that the actions of any prison official directly or affirmatively caused Plaintiff to procedurally default on his grievance.  It cannot be said that there was any affirmative misconduct by prison officials designed to impede or prevent Plaintiff's efforts to exhaust his administrative remedies.  Plaintiff cannot avoid the exhaustion requirement by alleging that the reasons for denial of his grievance

4

were not clearly explained to him thus leading to his confusion about whether to appeal. *See Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002) (rejecting prisoner's argument that the DOC publication did not inform him of the PLRA's exhaustion requirements, that as a result he was misled into thinking that the grievance procedure was optional, and that by the time he learned of the PLRA, it was too late to file a grievance). The record is void of any evidence which demonstrates that the actions of any prison officials caused Plaintiff to fail to properly exhaust his grievance. If anything, the record demonstrates that Plaintiff abandoned the administrative review process in an attempt to air his grievances with prison officials in this Court, which is exactly what the exhaustion requirement is designed to prevent from occurring.

Lastly, it bears mentioning that as to Defendant Shawley the Court agrees with Magistrate Judge Lenihan that Plaintiff never filed a grievance as to any of her alleged actions as set forth in his Amended Complaint. In failing to do so, he ran counter to the DC-ADM's directives and it results in his failure to exhaust his claims related to Defendant Shawley.

In conclusion, upon review of the evidence and the parties' arguments, the Court concurs with Magistrate Judge Lenihan that Defendants proved their affirmative defense that Plaintiff failed to exhaust his administrative remedies. Summary judgment will be granted in favor of Defendants in the form of dismissal of Plaintiff's Amended Complaint with prejudice.

The Court hereby ADOPTS Magistrate Judge Lenihan's Report and Recommendation (ECF No. 38) as its Opinion. It concurs with her thorough legal analysis and her recommendations, and it OVERRULES Defendant's Objections (ECF No. 39).

AND NOW, this 11th day of January 2022, IT IS HEREBY ORDERED that Tracy Shawley's and William Nicholson's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim or in the Alternative Motion for Summary Judgment (ECF No. 21) and

5

Mark Hammer's Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative Motion for Summary Judgment (ECF No. 23), which have been converted into motions for summary judgment on the issue of exhaustion, are GRANTED. Final judgment will be entered in the form of dismissal of Plaintiff's Amended Complaint with prejudice and the Clerk of Courts will be directed to mark the case closed.

                                               BY THE COURT:

                                               */s/ William S. Stickman IV*
                                               WILLIAM S. STICKMAN IV
                                             UNITED STATES DISTRICT JUDGE